**Ferdi GJURAJ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 08–3423–ag.

United States Court of Appeals, Second Circuit.

April 27, 2009.

Gregory Marotta, Vernon, NJ, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Office of Immigration Litigation, Virginia Lum, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ferdi Gjuraj, a native and citizen of Albania, seeks review of a June 18, 2008 order of the BIA affirming the October 30, 2006 decision of Immigration Judge ("IJ") Helen J. Sichel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gjuraj,* No. A 95 476 219 (B.I.A. June 18, 2008), *aff'g* No. A 95 476 219 (Immig. Ct. N.Y. City Oct. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). Here, because Gjuraj waives any challenge to the agency's denial of CAT relief and to a dispositive basis for the agency's denial of his application for asylum and withholding of removal, the petition for review is denied. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 8 (2d Cir.2005).

In his brief, Gjuraj challenges the IJ's adverse credibility determination. He also argues, without elaboration, that his credible testimony established that he has a well-founded fear of persecution. He further asserts that the agency failed to consider the personal statements he submitted, which he claims corroborate his Democratic Party activities and resulting persecution. However, these arguments do not challenge the agency's alternative finding that even if Gjuraj were credible and thus was able to establish past persecution, the country conditions evidence indicating that the Democratic Party is now in control of Albania rebutted any presumption that he has a well-founded fear of persecution. That finding was a dispositive basis for the agency's denial of his application for both asylum and withholding of removal. See 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i)(A); *see also Hoxhallari v. Gonzales,* 468 F.3d

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

179, 187 (2d Cir.2006) (per curiam). Consequently, Gjuraj has waived any such challenge that he might have raised as to that finding. *See Yueqing Zhang,* 426 F.3d at 545 n. 7 (finding that a petitioner abandoned a claim where the petitioner "devotes only a single conclusory sentence to the argument").

For the foregoing reasons, the petition for review is DENIED.